**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEVEN MATTEO d/b/a ) | |
| STEVE MATTEO PHOTOGRAPHY, ) | |
|     Plaintiff, ) | |
| ) | No.  07 C 2536 |
| v. ) | Judge Virginia M. Kendall |
| ) | |
| HOWARD RUBIN, ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Steven Matteo ("Matteo"), owner and operator of Steve Matteo Photography, contracted with Daryl Rubin to take photos of her daughter's wedding. When the proofs came back after the wedding, the bride was extremely upset with the photos, and as a result, her father, Howard Rubin ("Rubin"), posted many of the photos to a website where he commented disparagingly about the photographer's skills and urged others not to engage him. The wedding photographer, Matteo, now brings this action for copyright infringement under 17 U.S.C. § 106, along with various other claims under Illinois law. First, Matteo alleges that Rubin committed copyright infringement by posting Matteo's pictures to various internet sites. Second, Matteo alleges that Rubin committed defamation by posting the harmful captions along with the photos on the internet. Third, Matteo alleges that Rubin committed invasion of privacy by placing him in a false light by posting the pictures along with various comments about the pictures. Finally, Matteo alleges that Rubin interfered with his prospective economic advantage because Rubin discouraged other potential

1

customers from using his services. Rubin has moved to dismiss this action under Fed. R. Civ. P. 12(b)(6). For the following reasons, Rubin's motion to dismiss is denied.

## BACKGROUND

### I. The Parties

Plaintiff, Steven Matteo is a citizen of the United States, and a current resident of Illinois. He is a professional photographer, and he is the owner of a sole proprietorship, Steve Matteo Photography which is located in Chicago, Illinois. Defendant Howard Rubin is a citizen of the United States, and is a current resident of Illinois.

### II. Matteo's Allegations

In December 2005, Steven Matteo was contacted by Melanie Rubin to photograph her wedding. Compl. ¶ 5. About a month after that conversation, Matteo entered into a contract with Daryl Rubin, Melanie's mother, to photograph her wedding. Compl. ¶ 6. The contract granted a right to reproduction to Daryl Rubin, but Matteo specifically retained all other copyright privileges for himself. Ex. B. The wedding took place in August 2006, and Matteo took about 1,500 digital pictures. In September, Matteo gave an unedited copy of all of the images to Melanie Rubin. Compl. ¶ 7.

Shortly thereafter, Howard Rubin, the father of the bride, contacted Matteo with complaints about the quality of the wedding photographs. Matteo attempted to contact Melanie Rubin about the complaints, but he never received a response. Compl. ¶ 9. On November 9, 2006, Howard Rubin lodged a complaint with the Better Business Bureau. The Better Business Bureau, after investigating the complaint, closed the matter. They found that Matteo had made a reasonable offer to resolve the issues, but that Howard Rubin would not accept that offer. Compl. ¶ 10.

2

During January 2007, Howard Rubin began to create various websites dedicated to defaming Matteo. The web pages were entitled "Why Not to Hire an Inept Photographer," and they used, reproduced, displayed publicly, and disseminated at least eleven of the wedding photographs. Compl. ¶ 11-13. The pictures that were uploaded also contained various captions used to describe the photographs in a derogatory manner. Compl. ¶ 14. The pictures and captions intended to defame Matteo and to cause him harm. Furthermore, Matteo alleges that Howard Rubin stated that his express purpose was to harm Matteo's business, and he communicated that message publicly over the internet. Compl. ¶ 16; Ex. E. By way of these harmful acts, Matteo alleges that Rubin has infringed his copyrights, has defamed him, has committed false light invasion of privacy, and has interfered with Matteo's prospective business advantage.

## **DISCUSSION**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal, not factual, sufficiency of a complaint. *See Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675-676 (7th Cir. 2001). In general, a complaint filed in federal court need only provide enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964 (2007). Though, the allegations therein must be able to demonstrate that the plaintiff's entitlement to relief is plausible. *Id.* Although "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss, an exception occurs where… the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005) (internal citation

omitted). For the purpose of a motion to dismiss, we accept all well-pled allegations as true. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.,* 62 F.3d 967, 972 (7th Cir. 1995).

I. **Copyright Infringement**

To state a claim for copyright infringement, Matteo needs to show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Wildlife Express Corp. v. Carol Wright Sales, Inc.,* 18 F.3d 502, 507 (7th Cir. 1994), *citing Feist. Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). By examining Matteo's allegations as true, Matteo has sufficiently pled that the 1,500 pictures he took in documentary style were original works. *See* Compl. ¶ 5-7, 20-21. Further, Matteo has sufficiently alleged that Rubin copied his work by posting the original creations onto the internet without his permission. *See* Compl. ¶ 12, 22-23.

Rubin responds to the complaint, primarily by alleging that "there are no issues to the material facts in dispute" which suggests that he is responding using the summary judgment standard, rather than alleging that Matteo has failed to properly plead a case for copyright infringement. First, Rubin asserts that his wife, who had a right to reproduction under the contract, granted him a sublicense to reproduce the material. Although this response suggests a factual defense, the right to reproduction is one of the rights granted to the owner of a copyright. *See* 17 U.S.C. § 106. Under Section 106 of the Copyright Act, Matteo retains exclusive rights to reproduce the works, to prepare derivative works, to distribute copies of the works, and to perform or display the copyrighted works publicly. 17 U.S.C. §106; *see Chicago School Reform Bd. of Trustees v. Substance, Inc.,* 79 F. Supp. 2d 919, 925 (N.D. Ill. 2000). Matteo never granted a license to the copyrighted material to Howard Rubin according to the allegations nor is such a license claimed in

Rubin's response.. Even assuming arguendo that Matteo did grant a right to reproduce to Daryl Rubin, the contract, as alleged explicitly stated that he retained all other rights under copyright law for himself. Compl. ¶ 6, *see also* Ex. B. The scope of Matteo's copyright is not limited to the right to reproduce. Matteo alleges in the Complaint that Rubin not only unlawfully copied his works by reproducing the photographs, but also by displaying, disseminating, and using the works in the web page. Compl. ¶ 23. At this stage in the litigation, Matteo has sufficiently pleaded facts that could plausibly entitle him to relief for copyright infringement. *See Bell,* 127 S. Ct. at 1964.

Second, Rubin asserts that Matteo has failed to properly plead a copyright infringement cause of action because he did not include allegations that Rubin financially or economically benefitted from the display of the pictures. Yet, to state a claim for copyright infringement liability, Matteo need only make a showing of: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Wildlife Express Corp.,* 18 F.3d at 507, *citing Feist Publications, Inc.,* 499 U.S. at 361. Under copyright law, if liability is proven, Matteo is entitled to recover his actual damages plus any profits earned by the infringer. *Landau v. Cosmetic and Reconstructive Surgery Center, Inc.,* 18 F.R.D. 117, *citing* 17 U.S.C. §504(a)(1) While Rubin's argument may be relevant to assessing damages, it does not dismiss the allegations at this stage of the proceedings.

Next, Rubin asserts that Matteo has failed to plead a cause of action for copyright infringement because he did not obtain a certificate of copyright from the Copyright Office until two months after the photographs were posted. To have a valid copyright Matteo must only show that the work is original. *Feist Publications, Inc.,* 499 U.S. at 361. While Matteo's possession of a copyright certificate would constitute prima facie evidence for originality, it is not necessary to have

a certificate to be entitled copyright protection. *Wildlife Exp. Corp.,* 18 F.3d at 507. Matteo has pleaded that the photographs, and his style of photography, are both original. Compl. ¶ 5, 20. Furthermore, the plain language of the contract states that the photographs constitute copyrightable material. Ex. B. The clause in the contract served to put Rubin on notice that the material was copyrightable. The allegations are sufficient.

Finally, in his reply brief, Rubin states that Matteo's claim should be dismissed because he has the affirmative defense of fair use. "Although affirmative defenses may be raised in a motion to dismiss, defenses such as the fair use doctrine involve a more detailed analysis of the facts at issue and are best resolved by summary judgment motions or adjudication at trial. *Ocean Atlantic Woodland Corp. v. DRH Campbridge Homes, Inc.* 2003 WL 1720073 at *9 (N.D. Ill. 2003), *citing Chicago School Reform Bd. of Trustees*, 79 F. Supp. 2d at 930-932. Rubin's assertion of a fair use defense may be appropriate but he carries the burden of proving such an affirmative defense. Thus, Rubin's assertion of a fair use defense is better suited to be analyzed at a later stage in litigation, and as long as the allegation is sufficiently pleaded at this stage, the Court need not address the merits of the defense. As such, if this Court is to accept Matteo's well-pleaded allegations as true, which it is required to do at this stage, Matteo has sufficiently pleaded an action for copyright infringement. Therefore, Rubin's Motion to Dismiss Count I is denied.

    **II.    State Law Claims**

        **a.  Defamation Per Se**

Rubin also moves to dismiss Count II of the complaint for defamation *per se.* At the motion to dismiss stage, all well-pleaded allegations are accepted as true. To show that a statement is defamatory, Matteo must plead that the statement "tends to cause such harm to the reputation of

another that it lowers that person in the eyes of the community or deters third persons from associating with her." *Cody v. Harris,* 2004 WL 783105 at *3 (N.D. Ill. 2004), *citing Bryson v. News Am. Publications, Inc.,* 174 Ill.2d 77, 220 Ill. Dec. 195, 672 N.E. 2d 1207, 1214 (Ill. 1996). In defamation *per se* cases, the defendant's statement is considered so obviously harmful to the plaintiff that injury is presumed. *Id.* Rubin contends that everything he said was the result of his "personal dealings" with Matteo, and they were not done with the intent to communicate a false or defamatory statement. Whether that is true or not at this stage is not relevant, merely that Matteo has sufficiently pleaded the elements of defamation per se by asserting facts that may support such a claim. *See* Compl. ¶ 29-36. Using this standard, Rubin's motion to dismiss Count II must also be denied.

### b. False Light Invasion of Privacy

Rubin moves to dismiss Count III for false light invasion of privacy on the same grounds as defamation *per se.* Rubin asserts that everything he said was the result of his "personal dealings" with Matteo and that they were not done with intent to communicate a false or defamatory statement. To prevail on a claim for false light invasion of privacy, Matteo must show "that the publicity at issue is of and concerning him, that it placed him before the public in a false light, and that there was actual malice. *Muzikowski v. Paramount Pictures Corp.,* 322 F.3d 918, 927 (7th Cir. 2003), *citing Schaffer v. Zekman,* 143 Ill. Dec. 916, 554 N.E. 2d at 993 & n. 2. Accepting Matteo's allegations as true, he has sufficiently stated a claim for false light invasion of privacy. *See* Compl. ¶ 37-41. Whether the act of posting pictures on the internet was done with intent or malice is a factual dispute better suited to be solved through discovery, dispositive motions, or at trial, but not at the motion

7

to dismiss stage of the proceedings. Matteo's complaint is sufficient, and Rubin's Motion to Dismiss Count III for false light invasion of privacy is denied.

### c. Interference with Prospective Economic Advantage

Rubin also moves to dismiss Count IV for interference with prospective economic advantage. There are four elements to establish a claim for this tort: "(1) the plaintiff had a reasonable expectation of entering into a business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damages to the plaintiff resulting from the interference." *Pena v. Novartis Pharmaceutical Corp.,* 2004 WL 2331841 at *2 (N.D. Ill. 1994), *citing Fellhaurer v. City of Geneva,* 142 Ill.2d 495, 568 N.E. 2d 870, 878 (Ill. 1991). Matteo has sufficiently pleaded a cause of action for interference with prospective economic advantage. Matteo asserts that he had an expected business relationship, and Rubin knew of that expectancy. Compl. ¶ 42. Matteo also alleges that Rubin admitted interfering with at least four prospective clients, and Rubin set a goal of interfering with at least one thousand. Compl. ¶ 16; Ex. B. Furthermore, Matteo claims that he has been damaged by the act of interference and has suffered economic harm. Compl. ¶ 44. Under the motion to dismiss standard, a plaintiff need not prove all of the elements of the claim, and he only needs to suggest that he is plausibly entitled to relief. *See Bell,* 127 S. Ct. at 1964. Under this liberal standard, Matteo has sufficiently pled enough facts to support a claim for interference with prospective economic advantage. Rubin's claim that the posting was protected speech is an affirmative defense better suited to be resolved at a later stage in litigation. Therefore, Rubin's motion to dismiss Count IV is also denied.

## CONCLUSION AND ORDER

For the reasons stated herein, Defendant Rubin's Motion to Dismiss is denied.

So ordered.

Date: December 3, 2007

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois